IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BEN WILLIAM BEY,**  CASE NO. 3:23 CV 356

Plaintiff,  JUDGE JAMES R. KNEPP II

v.

**ERIC R. WEISENBURGER, et al.,**

Defendants.  **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

*Pro se* Plaintiff Ben William Bey filed this civil rights action under 42 U.S.C. § 1983 against Norwalk Municipal Court Judge Eric R. Weisenburger; Visiting Judge John S. Ridge; Assistant Prosecutor Heather Heyman; Willard Police Officers Jason Reel, Seth C. Mahon, Nick Zingale, Brian Slone, and Vince Poggiali; and the Wilcox Garage, LLC. (Doc. 1). He challenges his arrests and convictions in the Norwalk Municipal Court on charges of failure to identify, obstruction of justice, failure to comply with the Orders of a police officer and resisting arrest. *See* Docs. 1, 1-1. He was also issued a ticket for noncompliance, unsafe vehicle, fictitious registration, and fictitious license plates. (Doc. 1-1, at 2). Plaintiff claims the Municipal Court lacked jurisdiction over him and therefore his prosecutions and convictions are a violation of his constitutional rights. *Id.* at 2-3. He asserts claims for unlawful imprisonment, kidnapping, racketeering, denial of due process, denial of his First, Fifth and Sixth Amendment rights, retaliation, defamation, and violations of 18 U.S.C. §§ 241, 242. *Id.* at 5-9. He seeks monetary

damages, reversal of his convictions and dismissal of all fines and penalties resulting from his convictions. *Id.* at 9-11.

Upon review, the Court finds this matter must be dismissed.

### BACKGROUND

Plaintiff alleges he was changing a tire on the side of the road on December 20, 2022, at approximately 10:45 p.m., when Officer Zingale pulled up beside him and asked if he needed help. (Doc. 1-1, at 2). Plaintiff declined and said he just needed to fix his tire and go home. The officer asked for identification and Plaintiff declined; he told Zingale that he had no jurisdiction to ask for identification as he was not investigating a crime. *Id.* Zingale then called in Plaintiff's license plate. *Id.* Plaintiff challenged that action, asking what his license had to do with helping him change a tire. *Id.* At that point Zingale called for assistance. *Id.*

Plaintiff called his sister, who, although not a lawyer, acts as his "consul." *Id.* His sister instructed him that if no crime had been committed, he had a Fifth Amendment right to refuse to identify himself. *Id.* Officers Jason Reel and Vince Poggiali arrived and demanded Plaintiff produce identification. *Id.* Plaintiff again refused. *Id.* The officers then arrested Plaintiff, placed him in handcuffs, and took him to the sheriff's office. Plaintiff claims Sergeant Seth Mahon, who was not present at the arrest, provided information that led to him being charged with failure to disclose personal information. *Id.*

Plaintiff appeared in court before Judge Eric R. Weisenburger. *Id.* at 2-3. He was accompanied by his sister who attempted to act as his legal counsel. *Id.* at 3. She filed documents titled "Averment of Jurisdiction – Quo Warranto", "Notice of Special Appearance/Affidavit of Fact", and "Affidavit of Fact/Counterclaim" on his behalf. *Id.* Plaintiff refused to enter a plea. *Id.* Plaintiff and his sister demanded Judge Weisenburger prove he had jurisdiction over the Plaintiff.

*Id.* Judge Weisenburger did not respond, would not allow Plaintiff's sister to participate in the legal proceedings, and set a trial date without considering the documents filed for Plaintiff. *Id.*

Plaintiff contends that because Judge Weisenburger did not comply with his demand to prove jurisdiction, the judge's orders were void and he was not required to comply with them. *Id.* He did not appear for trial and the judge issued a warrant for his arrest. *Id.*

On January 15, 2023, Plaintiff claims he was leaving work when he noticed a police car following him. *Id.* He indicates he pulled into a public parking lot, and the police officer activated his lights. *Id.* Officer Reel approached the vehicle and signaled for Plaintiff to lower his window. *Id.* Plaintiff lowered it a crack but refused to lower it any farther. *Id.* Officer Reel notified Plaintiff that a warrant had been issued for his arrest. *Id.* Plaintiff demanded to see the warrant. *Id.* Reed again asked him to exit the vehicle and he refused. *Id.* Reel called his supervisor, Sergeant Mahon. *Id.* Plaintiff called his sister. *Id.* His sister informed the officers that it was impossible for there to be a warrant for Plaintiff's arrest as Judge Weisenburger lacked jurisdiction to issue it. *Id.* Police demanded again that Plaintiff exit the vehicle and when he refused, they broke the window on the car, opened the door and pulled him from the vehicle. *Id.* at 3-4. He was charged with failure to comply, resisting arrest, and having fictitious plates. *Id.* at 4. Wilcox Garage towed his vehicle from the parking lot. *Id.*

Judge John S. Ridge was assigned to this second criminal action. *Id.* Plaintiff's sister filed additional documents titled "Averment of Jurisdiction – Quo Warranto", "Notice of Special Appearance/Affidavit of Fact" and "Counterclaim/Affidavit of Fact" on his behalf. *Id.* Judge Ridge admonished that Plaintiff's sister was not licensed to practice law and ordered the documents stricken from the record. *Id.* Plaintiff refused to enter a plea so Judge Ridge entered a not guilty plea on his behalf. *Id.*

Both criminal cases proceeded to trial. *Id*. at 5. Plaintiff's sister was not permitted to present documents or argue on his behalf. *Id.* Both judges refused to address Plaintiff's documents and left the courtroom when Plaintiff attempted to read them onto the record. *Id.* Plaintiff was found guilty in both cases on January 18, 2023. He was sentenced to thirty days in jail with twenty days suspended, two years of probation and a fine of $100 plus court costs.

Plaintiff asserts twelve counts in his Complaint. *See* Doc. 1-1, at 5-9. In Count 1, he asserts that Zingale, Reel, Poggiali, and Mahon unlawfully imprisoned him on December 20, 2022, when they arrested him for refusing to show identification and for having fictitious plates. *Id.* In Count 2, he claims these officers kidnapped him when they arrested him. *Id.* at 6. In Count 3, he asserts that Zingale, Reel, Poggiali, Mahon, and Wilcox Garage engaged in racketeering when they towed his car without a warrant or probable cause and impounded it. *Id.* In Count 4, he asserts that the arrest warrant issued by Judge Weisenburger was invalid on its face as it was not predicated on a felony crime. *Id.* Count 5 contains a claim for unlawful imprisonment related to his second arrest on the warrant for failure to appear. *Id.* at 7. He claims that warrant was invalid because it failed to state facts suggesting he committed a crime. *Id.* Count 6 contains a claim for kidnapping based on the second arrest. *Id.* He claims the actions cited in Counts 1 through 6 this violated his First, Fourth, and Fifth Amendment rights. *Id.* In Count 7, he claims Judge Ridge violated his First, Fifth, and Sixth Amendment rights when he refused to establish jurisdiction, failed to address Plaintiff's filings, refused to allow his sister to represent him, and adjourned court to prevent him from reading his filings into the record. *Id.* He asserts this was a violation of his First, Fifth, and Sixth Amendment rights. *Id.* In Count 8, Plaintiff claims he was subjected to sham trials in violation of his First, Fifth, Sixth, and Seventh Amendment rights. *Id.* at 7-8. In Count 9, Plaintiff claims the Defendants retaliated against him for refusing to produce identification when he had not committed

a crime. *Id.* at 8. In Count 10, Plaintiff asserts the Defendants defamed him by identifying him as a criminal. Counts 11 and 12 assert violations of 18 U.S.C. §§ 241 and 242. *Id.* He seeks monetary damages, and reversal of his convictions. *Id*. at 10-11.

### STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). District courts, however, are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### DISCUSSION

Upon review, the Court finds Plaintiff's Complaint must be dismissed under the above-cited standards.

First, Plaintiff cannot challenge his conviction in a civil rights action. To the extent that he seeks to overturn his convictions and be relieved from his sentence, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He cannot obtain that relief in a civil rights action under 42 U.S.C. § 1983.

5

Second, Plaintiff cannot pursue claims for damages in a federal civil action if those claims are premised on a wrongful conviction, unless that conviction has been overturned on direct appeal in the state courts or was called into question by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Claims bearing that relationship to a conviction or sentence that has not been invalidated are not cognizable in a civil rights action. *Id.* Plaintiff's claims in this action challenge the validity of his convictions. He cannot bring these claims unless those convictions are reversed on appeal or unless this Court grants a writ of habeas corpus with respect to those convictions. Plaintiff has not alleged or demonstrated that either of these events occurred.

Finally, even if Plaintiff could challenge his convictions in a civil action, the judges and prosecutors named as Defendants are absolutely immune from suits for damages based on actions and decisions they made in the course of performing their judicial and prosecutorial duties. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED THAT this action is dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE