IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BEN WILLIAM BEY,**            CASE NO. 3:23 CV 356

   Plaintiff,            JUDGE JAMES R. KNEPP II

   v.

**ERIC R. WEISENBURGER, et al.,**            **MEMORANDUM OPINION AND ORDER**

   Defendants.

### INTRODUCTION AND BACKGROUND

This matter is before the Court on Plaintiff's Writ to Amend and Alter Judgment/Affidavit of Fact (Doc. 24). The Court liberally construes this as a Motion to Alter or Amend Judgment under Federal Civil Procedure Rule 59(e). For the reasons stated below, the Motion is denied.

*Pro se* Plaintiff Ben William Bey filed this civil rights action under 42 U.S.C. § 1983 against two Norwalk Municipal Court Judges, an Assistant Prosecutor, five police officers and a towing company. He contested his arrests and convictions in the Norwalk Municipal Court. *See* Docs. 1, 1-1. His Complaint centered on his disputes with local judges over their jurisdiction to prosecute him after they refused to file or consider various documents he created such as an "Averment of Jurisdiction--Quo Warranto, Notice of Special Appearance/Affidavit of Fact, and Affidavit of Fact/Counterclaim," and refused to allow his sister, who was not an attorney, to represent him. *See id.* All of his claims for relief in his Complaint centered on his belief that the criminal proceedings were invalid. *See id.* He indicated that the basis for federal jurisdiction was the Treaty of Peace and Friendship between the United States and the Moroccan Empire of 1787 and 1836, and the Bill of Rights. (Doc. 1, at 4). He asserted claims for unlawful imprisonment,

kidnapping, racketeering, denial of due process, denial of his First, Fifth and Sixth Amendment rights, retaliation, defamation, and violation of 18 U.S.C. §§ 241, 242. (Doc. 1-1, at 5-9). He requested monetary damages, reversal of his convictions and dismissal of all fines and penalties resulting from his convictions. *Id.* at 9-11.

On May 23, 2023, this Court dismissed this action under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). (Doc. 20). Specifically, the Court held that Plaintiff could not challenge his conviction in a civil rights action. To the extent that he sought to overturn his convictions and/or to be relieved from his sentence, his sole remedy was habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent Plaintiff sought monetary damages for wrongful conviction, he could not proceed with his claims unless that conviction was overturned on direct appeal in the state courts or was called into question by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff did not demonstrate that either of these events occurred. Finally, the Court stated that the judges and prosecutors named as Defendants were absolutely immune from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Plaintiff has now filed this Motion to Alter or Amend the Judgment. He claims: (1) the Court should have given him notice of the deficiencies in his pleading and an opportunity to respond; (2) he did not claim he was challenging his sentence; (3) the Court did not address his Writ for Declaratory Judgment/Affidavit of Fact (Doc. 19); (4) the Court denied him a jury trial; and (5) this case is based on diversity of citizenship. He asks this Court to reinstate his civil action.

**STANDARD OF REVIEW**

A Motion to Alter or Amend Judgment is an extraordinary remedy and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, 2011 WL 247421, at *1 (M.D. Tenn.). A Court may grant a Motion to Alter or Amend Judgment under Rule 59(e) only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotation marks omitted). The Sixth Circuit has repeatedly held that Rule 59(e) Motions cannot be used to present new arguments that could have been raised prior to judgment, or to re-argue a case. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks and citations omitted).

**DISCUSSION**

Plaintiff does not attempt to argue newly discovered evidence or an intervening change in controlling law, so the Motion must rely on either a clear error of law or a need to prevent manifest injustice. Neither is present in this case and Plaintiff's motion will be denied.

First, Plaintiff did not demonstrate a clear error of law. Dismissal under *Apple v. Glenn* was appropriate, as the claims presented in his Complaint were "frivolous, devoid of merit, no longer open to discussion and lacked an arguable basis in law." *Apple*, 183 F.3d at 479. There was no amendment Plaintiff could have made to his Complaint, other than stating entirely different facts and claims, that could avoid dismissal for the reasons stated by the Court.

Second, Plaintiff's statement that he did not challenge or seek relief from his sentence is inaccurate. His Complaint in the section labeled "Relief", specifically stated, "dismissal of all penalty's [sic] and fines ordered by the de facto judicial officers." (Doc. 1, at 6).

Third, Plaintiff's Writ for Declaratory Judgment/Affidavit of Fact (Doc. 19) simply restated his Complaint and asked the Court to issue a declaration agreeing with his claims. It did not add anything not already in the Complaint and did not require a separate Order from the Court.

Fourth, Plaintiff was not entitled to a jury trial because he had not stated a viable claim. *Willecke v. Toth*, 472 F. App'x 365, 366-67 (6th Cir. 2012); *Robberts v. Northville Twp.*, 22 F. App'x 527, 528 (6th Cir. 2001).

Finally, diversity of citizenship was not pled and is not present in this case. Although Plaintiff described himself as a "Moorish National for the Moroccan Ohio State Republic Territories and Dominions," he appears to be an Ohio citizen residing in Sandusky, Ohio. *See* Doc. 1, at 1. All of the Defendants are citizens of Ohio. The citizenship of the parties is not diverse.

In addition, manifest injustice will not result from dismissal of this case. The manifest injustice standard presents Plaintiff with a high hurdle. While the outcome of the case was obviously adverse to Plaintiff, the Court's judgment was not based either legally or factually on a "fundamental flaw . . . that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Gilley v. Eli Lilly & Co.*, 2014 WL 619583, at *3 (E.D. Tenn.); *McDaniel v. Am. Gen. Fin. Servs., Inc.*, 2007 WL 2084277, *2 (W.D. Tenn.). Further, Plaintiff had other remedies available to him in the state courts to challenge his convictions, such as a direct appeal. He does not demonstrate a manifest injustice in this case.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 24) is denied; and the Court

4

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE